IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ERIC FLORES,

    Plaintiff,                               Case No.: 3:14-CV-037

vs.

UNITED STATES                                    District Judge Walter H. Rice
ATTORNEY GENERAL, *et al*.,               Magistrate Judge Michael J. Newman

    Defendants.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S *PRO SE* COMPLAINT BE DISMISSED; AND (2) THIS CASE BE CLOSED**

---

This matter is before the Court for a *sua sponte* review of *pro se* Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") on February 4, 2014. For good cause shown, Plaintiff's motion for leave to proceed IFP is **GRANTED**.

The Court may dismiss Plaintiff's complaint upon finding his claims: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

# I.

*Pro se* Plaintiff, a Texas resident, alleges that multiple unnamed federal government employees have directed genetic code-altering satellite transmissions from outer space at him and members of his family. He also seeks class certification, with himself as the representative. Doc. 1-2 at PageID 7. Plaintiff alleges:

> [I]t is necessary for the court to enter an order issu[]ing directives for the United States Attorney General to show cause why its agents, officer[s], employees, or agencies are using advanced technology with a direct signal to the satellite in outerspace that has the capability of calculat[]ing a genetic code to cause the petitioner and his immediate relatives severe physical and mental pain for long durations exceeding calendar years which was equivalent in intensity to organ failure, impairment of body functions, and death.

*Id.* at PageID 14. Plaintiff claims that the acts of Defendants have caused harm to his family members, including, among other things: compelling Flores's mother to use cocaine, crash her car, develop "black and red bubbled abrasions" on her body, and suffer a body temperature of over 110°. *Id.* at PageID 17-22. The same or similar iterations are repeated throughout the 100-plus page complaint.

Since 2010, Plaintiff has filed dozens of lawsuits throughout the country, alleging substantially identical claims.[2] The Court takes judicial notice of Plaintiff's filings in other Courts. The United States Supreme Court, as a result of Plaintiff's abusive litigation tactics there, has restricted Plaintiff's ability to file civil matters in that court. *See Flores v. Holder*, __ U.S. __, 132 S.Ct. 2397 (2012) (denying leave to proceed IFP and denying petition for a writ of *certiorari*). More than fifty Courts around the country have uniformly dismissed Plaintiff's

---

[2] *See, e.g.*, *Flores v. U.S. Att'y Gen.*, No. 13-CV-393, 2013 WL 4663053, at *1 (D. Haw. Aug. 29, 2013); *Flores v. U.S. Att'y Gen.*, No. 6:13-CV-0167, 2013 WL 1786392, at *1 (D.S.C. Mar. 25, 2013), *adopted by* 2013 WL 1786360 (D.S.C. Apr. 25, 2013); *Flores v. U.S. Att'y Gen.*, No. 5:13-CV-33, 2013 WL 969057, at *1 (D. Vt. Mar. 12, 2013); *Flores v. U.S.*, No. 11-CV-110, 2011 WL 1457142, at *1 (Fed. Cl. Apr. 8, 2011).

complaints as frivolous. *See, e.g.*, *Flores v. U.S. Att'y Gen.*, No. 2:13-CV-53, 2013 WL 1122719, at *2 (D. Me. Feb. 26, 2013) (recommending that the Court dismiss the nearly identical complaint as that filed in this case), *adopted by* 2013 WL 1122635 (D. Me. Mar. 18, 2013). As described by a District Court order dismissing a nearly-identical complaint in 2012:

> Flores has filed a dozen or more complaints making similar allegations in his home district [the Western District of Texas] and [other districts], all of which have been dismissed, and filing restrictions have been imposed upon him. In an effort to avoid those restrictions, Flores has recently filed several identical complaints far from home in [C]ourts unfamiliar with his litigation history.

*Flores v. U.S. Att'y Gen.*, No. 12-CV-227, __ WL __ (E.D. Ky. Nov. 16, 2012) (internal citation omitted). Finally, Plaintiff's complaint only identifies Defendants "whom reside in the geographic location of Cleveland[,] Ohio." Doc. 1-2 at PageID 23. Plaintiff's complaint is devoid of any allegations involving conduct within this District.

## II.

A complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A complaint has no arguable factual basis when its allegations are "fantastic or delusional," and no arguable legal basis when it presents "indisputably meritless" legal theories -- for example, when the defendant is immune from suit, or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).

Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). While *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic

pleading requirements.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying the *Iqbal* and *Twombly* dismissal standards to reviews under § 1915(e)(2)(B)(ii)).

### III.

Having reviewed the complaint, the Court finds that the factual allegations contained therein are "irrational, baseless, and wholly incredible."  *Flores*, 2013 WL 3190573, at *2.  The complaint alleges that unnamed federal employees, acting on behalf of foreign diplomats, have directed satellite transmissions at Plaintiff and members of his family.  Its contents are clearly frivolous and the complaint fails to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Denton*, 504 U.S. at 32-33 ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

Moreover, the complaint does not differ from those uniformly dismissed with prejudice by Federal District Courts across the country.  *See Flores*, 2013 WL 969057, at *2 (citing and quoting from several cases all dismissing the same or similar allegations).  This Court, thus, joins the "long list of jurisdictions that have screened this or similar complaints filed by [Plaintiff] and concluded that they contain 'the hallucinations of a troubled man.'"  *Flores*, 2013 WL 1122719, at *2 (citation omitted).

Finally, Plaintiff alleges that the Defendants referenced reside in Cleveland, Ohio, and Plaintiff's complaint establishes that the alleged incidents also occurred there. Nowhere in his complaint does Plaintiff provide any connection between his case and the Southern District of Ohio. Venue in this Court, even if Plaintiff's claims were not frivolous and baseless, is therefore not proper. *See* 28 U.S.C. § 1391 (venue is proper in the judicial district where any defendants reside or in which the claims arose).

### IV.

For the reasons stated herein, and having conducted the review required under 28 U.S.C. § 1915(e)(2)(B), the Court **RECOMMENDS** that:

1. Plaintiff's complaint be **DISMISSED**; and

2. This case be **CLOSED**.

February 11, 2014                                      s/ **Michael J. Newman**
                                                       United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).